Ronald W. Makarem, SB# 180442
Alexis C. Hames, SB# 327922
MAKAREM & ASSOCIATES APLC
11601 Wilshire Boulevard, Suite 2440
Los Angeles. California, 90025
Phone: (310) 312-0299
Fax: (310) 312-0296
makarem@law-rm.com
hames@law-rm.com

Attorneys for Plaintiff
NATASHA ASHLEY

Brittany L. McCarthy, Bar No. 285947
blmccarthy@littler.com
Christopher Reilly, Bar No. 332331
creilly@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302

Attorneys for Defendant
WEX HEALTH, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

NATASHA ASHLEY, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

WEX HEALTH, INC., a Delaware corporation; and DOES l -20, INCLUSIVE,

Defendants.

Case No. 3:26-cv-00332-JES-BJW

Magistrate Judge: Brian J. White

**JOINT MOTION TO MODIFY/ISSUE SCHEDULING ORDER PERMITTING PARTIES TO ENGAGE IN MEDIATION; DECLARATION OF BRITTANY MCCARTHY**

Date: May 14, 2026
Time: 12:30 p.m.
Ctrm: Remote

Action date: 1/20/26

Plaintiff Natasha Ashley ("Plaintiff") and Defendant Wex Health, Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, submit the following joint request to modify and/or issue a Scheduling Order that permits the Parties to participate in mediation and then, if necessary, proceed to a class certification motion in due course.

## I. INTRODUCTION AND SUMMARY

The Parties have agreed to participate in private mediation with the well respected class action wage and hour mediator, Tripper Ortman. The first date the parties could secure with Mr. Ortman for mediation was August 4, 2026. At present, the Scheduling Order[1] contemplates August 14, 2026, as the deadline for Plaintiff to bring a Motion for Class Certification. Accordingly, in the interests of justice and to "secure the just, speedy, and inexpensive determination" of this action, the Parties request this Court modify the Scheduling Order so that the Parties can focus efforts and resources on mediation without simultaneously expending resources and expense in furtherance of motion practice that may be rendered unnecessary if the Parties are able to reach resolution through the mediation process. Fed. R. Civ. P. 1.

## II. RECITALS

Plaintiff initiated this class action lawsuit on November 26, 2025, by filing her Class Action Complaint in San Diego County Superior Court, Case No. 25CU063874C (the "Action"). Defendant timely removed the Action to this Court on January 20, 2026.

On March 12, 2026 the Parties attended the Early Neutral Evaluation Conference and a Case Management Conference ("CMC"), during which the Court provided dates, outlined below, and indicated a Scheduling Order would follow. The Parties have since exchanged Initial Disclosures and met and conferred regarding participating in private

[1] The Court has not yet issued a formal Scheduling Order but provided dates to Counsel during the CMC on March 12, 2026. For lack of any other term for the dates provided, the Parties refer to and presume these dates will be memorialized in a Scheduling Order, and these are the dates the Parties wish to modify.

mediation. The Parties have also exchanged written discovery, though responses are not yet due for either party.

As this Court may be aware, class action wage and hour mediators are generally reserving mediation dates at least six months in advance, and many do not have available dates for up to eight months. In light of the dates contemplated in the Court's Scheduling Order, the Parties agreed to submit a request to Francis "Tripper" Ortman, Esq., a well-respected mediator in the class action/PAGA wage and hour space, for his soonest availability to mediate this case. Mr. Ortman's mediation scheduling permits mediations to occur in five months.[2]

Given that most other experienced mediators in the class action wage and hour space are presently setting mediations six-plus months out (September through January timeframe), the Parties agreed to Mr. Ortman as a mediator and were able to secure August 4, 2026, for mediation. (Declaration of Brittany McCarthy, ¶ 2 and Exhibit A thereto.)

The Parties submit that the best interests of judicial economy and preservation of the Court's and the Parties' resources are best served by extending the fact discovery cut off and the time contemplated by the Court for the class certification motion to permit the Parties to meaningfully explore resolution.

The Parties intend to continue pursuing formal discovery during this period so that any mediation exchange is informed by — and consistent with — the Parties' existing discovery obligations. This approach ensures that data and documents exchanged for mediation purposes will have lasting utility in the litigation, should the case not resolve.

The Parties have not made any prior requests to continue dates, nor does the docket currently reflect a formal Scheduling Order has been issued.

---

[2] Due to Mr. Ortman's reputation and high demand for his services, he releases mediation dates for one month at a time, four months in advance. In other words, on April 1, 2026, Mr. Ortman released all available dates for the month of August. The Parties were able to use Mr. Ortman's scheduling procedures and secured the first available date in August: August 4, 2026. *See Schedule Mediation – Ortman Mediation*. McCarthy Decl. ¶ 2.

## III. GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

A request to modify the scheduling order is governed by Federal Rules of Civil Procedure 16(b)(4) and "may be modified only for good cause and with the judge's consent." The good cause standard articulated in Rule 16 focuses on the diligence of the party seeking to amend the scheduling order, and the reasons for seeking modification. *Accord Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.") (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). The district court may amend the scheduling order if it "cannot be met despite the diligence of the party seeking the extension." *Id.* (citing Fed. R. Civ. P. 16 Advisory Committee Notes).

"While a court may take into account any prejudice to the party opposing modification of the scheduling order," *In re W. States*, 715 F.3d at 737, the focus of the Rule 16(b) inquiry "is upon the moving party's reasons for seeking modification," id. (quoting *Johnson*, 975 F.2d at 609). If that party "was not diligent, the inquiry should end." *Id.* (quoting *Johnson*, 975 F.2d at 609). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, the Parties agree that good cause exists for the Court to modify/issue a Scheduling Order with dates other than those provided during the CMC to permit the Parties to meaningfully participate in mediation without simultaneously engaging in, and incurring the costs and expenditure of resources associated with, formal written discovery and motion practice related to class certification and, (if necessary) discovery disputes. The Parties have acted diligently in both the scheduling of mediation and making this request to the Court, as the formal Scheduling Order has not yet issued.

In addition to requesting an extension of the dates provided during the CMC as to discovery and the filing of a class certification motion, the Parties also request that the

Court set dates only through class certification and not yet set a Pretrial Conference or dates associated with trial, as the scope of trial will be drastically affected by the decision on the class certification motion. The Parties desire to conserve the resources associated with pretrial preparation until a decision on class certification is made so that the Parties' pretrial preparation can be informed by the scope of the matter as it proceeds. The Parties' preparation for trial on an individual action (if the class certification is denied) will be significantly different from preparation for trial and/or subsequent motion practice for a class certified as to only some issues/claims, or a class certified as alleged, could, and will likely, each result in meaningful differences to witness lists, the scope of exhibits, the content and focus of pretrial and trial briefs, motions in limine, and all other written submissions.

The Parties have tailored the below request to modify dates to propose a timeline that permits the Parties to engage in mediation, and provide approximately **four months** for the Parties to formalize and complete any discovery, including depositions, if mediation is unsuccessful. The Parties submit this timeline permits meaningful engagement in mediation and also ensures this case does not linger unreasonably on the Court's docket if the Parties are unable to resolve the case at private mediation.[3]

///

///

///

///

[3] The Parties submit that Motions for Class Certification are regularly scheduled on extended timelines. Based on a brief search of defense counsel's firm's records, the Parties refer the Court to the following Scheduling Orders: Central District of California, Case No. 25-cv-2679-JWH (KESx) (Dkt. 13, scheduling order issued on February 27, 2026 setting deadline for class certification motion to be filed approximately **one year later**, on February 5, 2027); Eastern District of California, Case No. 25-cv-3094-DAD-CKD (Dkt. No 17 issued on February 17, 2026 and setting deadline for motion to class certification to be filed **more than one year later** on April 17, 2027); Southern District, Case No. 3:20-cv-1156-WQH-KSC (scheduling order issued on January 26, 2021 and setting deadline to file class certification for **eight months later**, August 20, 2021, and setting no dates past the certification motion filing deadline).

| **Item** | **Date Provided At CMC** | **Date Proposed By the Parties** |
|---|---|---|
| Deadline to Amend Complaint | April 13, 2026 | Unchanged. |
| Status Conference | May 14, 2026 | The Parties are happy to attend on May 14, but also suggest that a Status Conference following the mediation, on or about August 12, 2026 (which will permit time for a mediator's proposal to close if on is needed). |
| Discovery Motion Cut Off | July 14, 2026 | December 13, 2026 |
| Class Certification Motion | August 14, 2026 | January 29, 2027[4] |
| Fact Discovery Close | September 14, 2026 | TBA. The Parties request that should the matter not resolve at mediation, and Plaintiff proceeds to file a motion to certify a class, the Parties will at the same time submit a request to specially set briefing relating to the class certification motion, that would permit discovery as necessary and appropriate to oppose and reply to the class certification motion. |
| Expert Exchange | October 14, 2026 | |
| Expert Rebuttal/2d Exchange | October 28, 2026 | |

[4] The Parties would normally have suggested 30 days following the motion cut off, however, in light of the holidays and to ensure all Parties, witnesses, counsel, and the Court and its staff can enjoy the holidays, propose an extended timeline.

| | | |
|---|---|---|
| Expert Discovery Cut Off | November 30, 2026 | To be set following decision on class certification. |
| Pretrial Motion Deadline | February 16, 2027 | |
| Trial Briefs | April 28, 2027 | |
| Mandatory Settlement Conference | May 5, 2027 | |
| Final Pretrial Conference | June 16, 2027 | |

## IV. REQUESTED RELIEF

The Parties request that the Court modify/issue a Scheduling Order that permits the Parties time to participate in mediation, and then if necessary continue to and complete discovery as necessary to proceed to move to certify or decertify a class. The Parties submit that this request is aligned with Federal Rules of Civil Procedure 1 and 16, calling for the swift and efficient resolution of all matters and granting this Court authority to schedule matters pursuant to the Court's discretion for good cause shown.

For the foregoing reasons and good cause existing, the Parties respectfully request:

1. The Court extend the deadline for discovery motions to be submitted to on or about December 13, 2026, or another date that permits the Parties to participate in mediation and to allow sufficient time for the Parties to meaningfully complete formal discovery in the event mediation does not result in resolution;
2. The Court set the deadline for the Parties to file motions relating to class certification to be filed on or about January 29, 2027, or another date the Court determines is appropriate following the mediation and revised discovery date(s);
3. The Court decline to set other pre-trial dates beyond the class certification briefing (unless the Cout's preference is to do so), so that the Parties can prepare for trial and any other briefing and subsequent motions with the benefit of the decision as to class certification.

///

Respectfully submitted,

Dated: April 24, 2026

MAKAREM & ASSOCIATES APLC

*/s/ Alexis C. Hames*
Ronald W. Makarem
Alexis C. Hames
Attorneys for Plaintiff
NATASHA ASHLEY

Dated: April 24, 2026

LITTLER MENDELSON, P.C.

*/s/ Brittany McCarthy*
Brittany L. McCarthy
Christopher Reilly
Attorneys for Defendant
WEX HEALTH, INC.

**SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Alexis C. Hames, counsel for Plaintiff, and I have obtained Ms. Hames's authorization to affix her electronic signature to this document.

/s/ Brittany McCarthy
Brittany L. McCarthy

# DECLARATION OF BRITTANY McCARTHY

I, Brittany McCarthy, declare as follows:

1. I am an attorney with the law firm of Littler Mendelson, P.C., attorneys for WEX HEALTH ("Defendant"), in the above-entitled matter. I am duly licensed to practice law in the State of California and the United States District Court, Southern District, and am one of the attorneys representing Defendant in this action. I have personal knowledge of the following facts, and if called to testify, could and would competently testify thereto.

2. Following the ENE and CMC, and after the Parties each propounded discovery, Counsel for the Parties met and conferred as to participate in private mediation and agreed to use Francis "Tripper" Ortman. Due to Mr. Ortman's reputation and high demand for his services, he releases mediation dates for a full month four months in advance. In other words, on April 1, 2026, Mr. Ortman released all available dates for the month of August. On April 1, at 9:00 am I submitted the Parties' submission through Mr. Ortman's website requesting mediation on the first of the released dates for August, August 4, 2026. The Parties secured mediation on August 4, 2026. Attached as Exhibit A to this declaration is a true and correct copy of the email from Mr. Ortman's assistant and case manager, Shante Stitt, confirming the mediation.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed this 24th day of April 2026, in San Diego, California.

/s/ *Brittany McCarthy*
Brittany L. McCarthy

4927-3730-5739.3 / 085226.1035

# EXHIBIT A

EXHIBIT A

**From:** McCarthy, Brittany
**Sent:** Friday, April 24, 2026 11:54 AM
**To:** Posthill, Ann
**Subject:** FW: Natasha Ashley, et al. vs. Wex Health, Inc. - August 4, 2026 Mediation
**Attachments:** Ashley v. Wex Health Retention ltr.pdf; Ashley v. Wex Health Invoice.pdf

---

**From:** Shante Stitt <shante@ortmanmediation.com>
**Sent:** Wednesday, April 1, 2026 10:52 AM
**To:** Ronald W. Makarem <makarem@law-rm.com>; hames@law-rm.com; McCarthy, Brittany <BLMcCarthy@littler.com>; Reilly, Christopher <CReilly@littler.com>
**Cc:** clerks@law-rm.com; Posthill, Ann <APosthill@littler.com>; Dyer, Rosa <RDyer@littler.com>
**Subject:** Natasha Ashley, et al. vs. Wex Health, Inc. - August 4, 2026 Mediation

Counsel,

This email will confirm the mediation scheduled for August 4, 2026, in the above-referenced matter. The retention letter and invoice are attached hereto.

Please note that payment is due ninety days prior to the mediation date. Please reference the invoice number on payment. Our Tax ID number and W-9 Form are on the invoice.

Billing: It is our preference that the law firm pay the invoice we send to you directly, then pass that cost through to their client. On occasion, we will revise an invoice and send it to the counsel's client. We will not work with a third-party billing company.

The Zoom log-in information is as follows, which will also be sent as an Outlook calendar invite to all parties:

Topic: Natasha Ashley, et al. vs. Wex Health, Inc.
Time: August 4, 2026 at 08:00 AM Pacific Time (US and Canada)
Join Zoom Meeting:
https://us02web.zoom.us/j/84734217480?pwd=SCYALbRhwGtsAFvBY7euzS9rxMVHk4.1
Meeting ID: 847 3421 7480
Passcode: 565954

We look forward to working with you.

Thank you,
Shante

Shante Stitt, Office Manager
Mailing Address: 5100-B1 Clayton Road #368, Concord, CA 94521
(510) 707-6400 (voicemail only)
shante@ortmanmediation.com
Ortmanmediation.com